BOSKOWITZ v. SULZBACHER.

(Supreme Court, Appellate Division, First Department. November 13, 1908.)

1. APPEAL AND ERROR (§ 969*) — DISCRETION OF COURT — REVIEW—MOTION TO
RESETTLE ORDERS.
The discretion of the Special Term in denying or granting motions for resettlement of orders is not reviewable, in the absence of a clear affirmative showing of abuse.
[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 969.*]

2. PLEADING (§ 326*)—BILL OF PARTICULARS—ADDITIONAL BILL.
Where a party has attempted in good faith, but unsuccessfully, to serve a sufficient bill of particulars, he should be given other reasonable opportunity to comply with the court's order.
[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 990; Dec. Dig. § 326.*]

Appeal from Special Term, New York County.

Action by Jesse L. Boskowitz, administrator of Ignatz Boskowitz, against Joseph W. Sulzbacher. From an order resettling an order denying a motion to compel defendant to accept a bill of particulars, defendant appeals. Dismissed.

See, also, 124 App. Div. 682, 109 N. Y. Supp. 186.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Charles L. Craig, for appellant.
John B. Stanchfield, for respondent.

PER CURIAM. The defendant appeals from an order resettling a former order and from each and every part of said order. The original order simply denied a motion by plaintiff to compel defendant to accept a bill of particulars. The resettled order not only denied that motion, but also permitted plaintiff to serve a further and amended bill of particulars within a specified time, and directed the payment by plaintiff to defendant of the sum of $10 costs, in addition to the costs allowed by the original order. While this court is not without power in many cases to review a Special Term order denying or

granting a motion for the resettlement of an order, a very clear case must be made for the exercise of that power. It frequently happens that, through some error or inadvertence, the first order entered does not conform in all respects with the disposition intended to have been made of the motion. Such a case is often presented when the order as originally entered does not impose reasonable conditions, or does not afford to the defeated party an opportunity to retrieve his position. This court has already had occasion to point out that, where a party has attempted in good faith, but unsuccessfully, to serve a sufficient bill of particulars, he should be given other reasonable opportunity to comply with the order of the court. This is, in effect, what the resettled order does in the present case, and we cannot say, on the papers before us, that it was an improper exercise of discretion to thus resettle the drastic order originally entered. The notice of appeal is sufficiently broad to bring up for review the whole resettled order; but the papers are not sufficient to enable us to pass upon it, for we have no means of determining whether or not the bill of particulars attempted to be served indicated such good faith as to warrant the court in granting to plaintiff a further opportunity.

For the reasons, therefore, that it does not affirmatively appear that the Special Term exceeded the limits of its discretion in resettling the order, and that we have not sufficient before us to enable us to pass upon the appeal from the order as resettled, the appeal must be dismissed, but without costs.

